FRED (Also Known as THEOPHILE) DAIGNAULT, Respondent, *v.* CITY OF TROY, Defendant, Impleaded with BOSTON AND MAINE RAILROAD, Appellant.

Third Department, December 30, 1931.

*Jarvis P. O'Brien,* for the appellant.

*William A. Dunne,* for the respondent.

WHITMYER, J. The action is for negligence and was commenced against the city of Troy and the Boston and Maine railroad. It was dismissed as against the city and continued as against the railroad. The first trial resulted in a disagreement, the next in the verdict.

On September 7, 1928, at about four P. M., daylight saving time, plaintiff was injured by being thrown from a coal wagon, loaded with two tons of coal, drawn by two horses, on Front street, Troy, N. Y.

The street was about twenty feet wide and he drove into an excavation about ten feet wide and ten or twelve inches deep, extending across the street.

The excavation had been made by the railroad, under a franchise or right from the city to construct an industrial siding, across the street, to the plant of an oil company, on the easterly side.

On September 6, 1928, the siding had been built to the westerly side of the street.

On the morning of the day of the accident the oil company removed the granite blocks, with which the street was paved, made

the excavation, laid the granite blocks on each side, and the railroad laid its tracks, completing the work about noon.

Then the oil company proceeded to fill in the excavation with loose cinders, which were dumped in irregular piles and were to be leveled off, preparatory to a foundation for the granite blocks. Some of the work of filling had been done, but no blocks had been laid at the time of the accident.

Barriers had been placed northerly and southerly of the place where the granite blocks had been taken up.

Plaintiff drove from the southerly end and was going northerly.

On the southerly end four barrels had been placed, with a rope across the two center ones, and planks from the barrels at the end to the ground. The rope had been taken down, so that the truck, with cinders, could be backed and the cinders could be dumped.

On the northerly end two barrels had been placed, with planks extending to the ground.

These barriers extended across the street. Plaintiff said that nothing was blocking the road and that nobody was on the road.

On the other hand, there was evidence that workmen were there and motioned to plaintiff to stop, but that he paid no attention.

When the horses came to the place, their feet sank into the soft fill, but plaintiff drove right along until the wheel struck the rail, when he was thrown.

The negligence charged in the complaint, in effect, was the permission to use the street, at the place of excavation, in the condition in which it was.

And the court left to the jury only the question of the railroad's failure to restore the street.

Concededly, the work was not completed. So that the court, practically, charged that the railroad was negligent as matter of law.

Nothing was said about the barriers, except that the court charged, in modifying a request to charge on the part of the railroad, that it was the duty of the railroad to keep the street safe or to adequately protect it or to warn against its unsafety, and the railroad excepted.

The real question in the case was not submitted to the jury and, so far as it was covered by the request to charge, was insufficiently submitted. The result was that the negligence of the railroad was charged as matter of law if there was a failure on its part to restore the street to its former state of usefulness.

We think that the judgment should be reversed and that a new trial should be granted, with costs to appellant to abide the event.

All concur.

Judgment and order reversed on the law, and new trial granted, with costs to the appellant to abide the event.